UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE ALEJANDRO BARRERA MOSQUERA,

Petitioner,

v.

RON MURRAY, *et al.*,

Respondents.

Case No. 1:25-cv-01584-KES-CDB (HC)

(A-Number: A-221-289-974)

FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS

(Docs. 2, 10)

**<u>14-Day Objection Period</u>**

Petitioner Jose Alejandro Barrera Mosquera ("Petitioner"), a federal immigration detainee, initiated this action on November 18, 2025, with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion for temporary restraining order ("TRO") while in the custody of Immigration and Customs Enforcement ("ICE") at the California City Correctional Center in California City. (Docs. 2, 3). On January 4, 2026, the Court converted the motion for TRO into a motion for preliminary injunction, granted it, and ordered Respondents to release Petitioner immediately. (Doc. 10). The presiding district judge referred the matter to the undersigned for further proceedings, including the preparation of findings and recommendations on the petition or other appropriate action. *Id*. at 12.

On January 6, 2026, the undersigned ordered the parties to file a joint status report as to Petitioner's status and address therein whether a briefing schedule need be set to address the petition

on the merits or whether the parties do not intend to file further briefing. (Doc. 11). On January 14, 2026, based on the parties' joint status report and stipulated request (Doc. 12), the undersigned set a briefing schedule on the petition. (Doc. 13). On June 15, 2026, Respondents filed an opposition to the petition "[f]or the reasons set forth in Respondents' previous briefing[.]" (Doc. 14) (citing Doc. 7).

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. In opposing the motion for TRO, Respondents argued that Petitioner's detention was lawful because it was mandated by statute (8 U.S.C. § 1225(b)(2)) and Petitioner was not entitled to any freedom from detention apart from what is provided by that statute. The presiding district judge rejected those arguments in his order granting a preliminary injunction. Because Respondents now advance no arguments in opposition to granting the petition that were not already considered and rejected by the Court, the undersigned finds that the petition should be granted for the same reasons articulated by the Court in granting a preliminary injunction. *See* (Doc. 10 at 7-10).

**Conclusion and Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 2) be GRANTED.
2. The Clerk of the Court be DIRECTED to enter judgment in favor for Petitioner and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within 14 days** after being served with these findings and recommendations, the parties may file written objections with the Court. Any objections filed should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C).

Any failure by a party to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 9, 2026**

UNITED STATES MAGISTRATE JUDGE